# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**DENNIS ROBERT PURTELL,**

    **Plaintiff,**

**vs.**                                              **Docket No. _____**
                                                     **JURY DEMANDED**

**KENNETH LANGELLIER, and**
**HOOD CARRIERS INC.,**

    **Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, DENNIS ROBERT PURTELL, by and through undersigned counsel, and asserts the following Complaint against Defendants, KENNETH LANGELLIER and HOOD CARRIERS INC. As his Complaint, Plaintiff would show unto this Honorable Court as follows:

### I. PARTIES

1. That Plaintiff, Dennis Robert Purtell ("Plaintiff"), is a resident and citizen of Wilson County, Tennessee.

2. That upon information and belief, Defendant, Kenneth Langellier ("Defendant Langellier"), at all times relevant to this Complaint was a resident of Wolcott, Indiana with a principal address of 309 North Range Street. Defendant Langellier may be served with process at this address or wherever he may be found.

3. That upon information and belief, Defendant Langellier, at all times relevant to this Complaint, was an employee, agent, and/or servant of Defendant, Hood Carriers Inc.

("Defendant Hood").

4. That upon information and belief, Defendant Hood, at all times relevant to this Complaint, is a domestic, for-profit corporation formed pursuant to the statutes of the State of Indiana, whose principal office address is 2781 North 1000 East, Remington, Indiana 47977. Defendant Hood's registered agent for the purposes of service of process is Scott Hood. Mr. Hood may be served at 2781 North 1000 East, Remington, Indiana 47977 on behalf of Defendant Hood or wherever he may be found.

## II. JURISDICTION AND VENUE

5. That Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the damages he sustained as a result of an automobile collision on May 30, 2018, on Highway 109 North in Wilson County, Tennessee.

6. That Section 1332 of Title 28 of the United States Code grants federal district courts original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

7. That subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332.

8. That venue for a trial on the merits in the United States District Court for the Middle District of Tennessee, is proper in part by virtue of 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

9. That at all times relevant to this Complaint, Plaintiff was driving his 2015 Ford F15 in a safe and prudent manner on Highway 109 North in Wilson County, Tennessee, traveling North.

10. That at approximately 6:05 a.m., Defendant Langellier was operating Defendant Hood's tractor trailer, a 1998 Peterbilt Conventional, on Highway 109 North in Wilson County,

Tennessee, traveling South.

11. That Defendant Langellier had been driving or on duty since 9:30 p.m. the night before, with the exception of an hour break at 3:30 a.m.

12. That, upon information and belief, it was at this time that Defendant Langellier fell asleep at the wheel, crossed the center line on the road, and crashed into three vehicles traveling northbound before driving into an embankment on the East side of the highway.

13. That Plaintiff's vehicle was the last vehicle struck in the three vehicles traveling northbound before Defendant Langellier's tractor trailer came to its final rest.

14. That as a result of Defendant Langellier's actions, Plaintiff primarily suffered from full-thickness tears involving the supraspinatus and infraspinatus tendons, or a "symptiomatic right rotator cuff massive tear," which required arthroscopic surgical repair and 26 rounds of rehabilitative physical therapy. To date, Plaintiff has incurred medical bills totaling $111,911.88 for treatment of injuries caused by the collision and has lost wages in the amount of $30,184.00.

15. That Defendant Langellier, was the agent, servant, and/or employee of Defendant Hood and was acting within the course and scope of said agency, servitude, and/or employment at the time of the collision. As a result, Defendant Hood is liable for the consequences of Defendant Langellier's actions.

16. That Defendant Hood was the employer, principal and/or master of Defendant Langellier at the time of the collision.

17. That Defendant Hood negligently entrusted the tractor trailer to Defendant Langellier.

18. That Defendant Hood has the negligence of Defendant Langellier imputed to it as the

registered owner of the tractor trailer being driven by Defendant Langellier at the time of the collision.

19. That Defendant Hood is subject to the prima facie evidence of ownership pursuant to Tenn. Code Ann. § 55-10-311.

20. That Defendant Hood is subject to the registration of the tractor trailer as prima facie evidence of ownership pursuant to Tenn. Code Ann. § 55-10-312.

21. That the Plaintiff may plead all causes of action or potential causes of action which might be applicable to this situation, Plaintiff states that in the event discovery in this case reveals that Defendant Hood failed to properly train or supervise Defendant Langellier, or failed to adequately maintain the tractor trailer, said actions/inactions are pled as independent claims for which the Plaintiff seeks relief.

## IV. DEFENDANTS' ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

22. That Plaintiff alleges that Defendant Langellier was guilty of the following acts of common law negligence, in that he failed to:

    a. maintain the tractor trailer under proper and reasonable control;

    b. operate the tractor trailer at an appropriate speed for the existing conditions;

    c. bring the tractor trailer under control and to stop when there was sufficient time and distance to do so before striking the vehicle in which the Plaintiff was operating;

    d. drive in a reasonable and prudent manner with regard for the control of the tractor trailer and traffic conditions on the roadway; and

    e. see that which was there to be seen and take proper action with respect thereto.

4

Case 3:19-cv-00402   Document 1   Filed 05/15/19   Page 4 of 7 PageID #: 4

23. That Plaintiff alleges that Defendant Langellier was negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision, constituting negligence *per se*:

    a. Tenn. Code Ann. § 55-8-115: Driving on right side of roadway; and

    b. Tenn. Code Ann. § 55-8-136(b): Driver to exercise Due Care.

24. That the Plaintiff may plead all causes of action or potential causes of action which might be applicable to this situation, Plaintiff states that in the event discovery in this case reveals that Defendant Hood failed to properly train or supervise Defendant Langellier, or failed to adequately maintain the tractor trailer, said actions/inactions are pled as independent claims for which the Plaintiff seeks relief.

25. That Plaintiff avers that Defendant Hood is subject to the prima facie evidence of ownership (Tenn. Code Ann. § 55-10-311) and subject to the registration of the tractor trailer as prima facie evidence of ownership (Tenn. Code Ann. § 55-10-312).

## V. CAUSATION

26. Plaintiff avers that Defendants owed a duty of safe, careful, and lawful driving to Plaintiff but breached that duty and was negligent on the date of the collision. The negligence of Defendants, as set forth herein, directly caused, proximately caused, and caused-in-fact the collision and resulted in injuries to Plaintiff and the damages and losses here sought by the Plaintiff.

27. As a direct and proximate result of the negligence of the Defendants, the Plaintiff suffered serious, disabling, painful and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer impairment to his body.

## VI. INJURIES AND DAMAGES

28. As a direct and proximate result of the Defendants' negligence, Plaintiff alleges that he is entitled to damages including, but not limited to, the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses, both past and future;

    d. Loss of enjoyment of life;

    e. Permanent impairment and partial disability;

    f. Property damage;

    g. Loss of earning capacity;

    h. Lost wages;

    i. Costs of this cause; and

    j. All other general damages and other relief allowed under the laws of the State of Tennessee to which he may be entitled.

## VII. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays:

1. That Plaintiff be permitted to file the foregoing Complaint under the above caption;

2. That all proper process issue and be served upon the Defendants requiring each to make appearance and answer this Complaint within the time prescribed by law with oath thereto being expressly waived;

3. For a judgment against the Defendants in favor of Plaintiff for compensatory damages, in an amount not to exceed one million dollars and no cents ($1,000,000.00), for the

personal injuries, disabilities suffered by the Plaintiff, and other damages as set forth herein as a proximate result of the Defendants' negligence;

4. For a trial with twelve (12) jurors sitting;

5. For cost of this matter to be taxed to the Defendants; and

6. For such other, further, and general relief to which he may be entitled under the law.

This the _____ day of _____, 2019.

Respectfully submitted,


/s/ *Justin L. Crouch*
JUSTIN L. CROUCH, BPR No. 031719
Hughes & Coleman, PLLC
446 James Robertson Parkway, Suite 100
Nashville, Tennessee 37219
Office: 615-557-1122
Fax: 866-782-8820
jcrouch@hughesandcoleman.com
*Attorney for Plaintiff*